**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000410
23-DEC-2019
08:11 AM**

NO. CAAP-16-0000410

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I

STATE OF HAWAI‘I,
Petitioner-Appellee,
v.
WINDYCESLAU D. LORENZO,
Respondent-Appellant,

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P. NO. 15-1-0238)

SUMMARY DISPOSITION ORDER
(By:  Ginoza, Chief Judge, Leonard and Hiraoka, JJ.)

Respondent-Appellant Windyceslau D. Lorenzo (**Lorenzo**) appeals from the Final Judgment filed on April 19, 2016, by the Circuit Court of the First Circuit (**Circuit Court**).[1]  The Final Judgment granted Petitioner-Appellee State of Hawaii's (**State**) petition to expunge real property deeds pursuant to Hawaii Revised Statutes (**HRS**) § 507D,[2] found the liens frivolous,[3]

---

[1]    The Honorable Virginia Lee Crandall presided.

[2]    HRS § 507D-1 (2018) deals with the recording of invalid instruments affecting property interest, and provides:

> §507D-1 **Findings and purpose.**  The legislature finds that there is a problem with the recording at the land court or the bureau of conveyances of invalid instruments which purport to affect the property interests of various persons, including but not limited to government officers and
>
> (continued...)

awarded the State damages in the amount of $5,000, and enjoined Lorenzo for five years from filing further documents with the Bureau of Conveyances (**Bureau**) based upon a source deed, Document No. 98-126382.

On appeal, Lorenzo contends that,

(1)     the Circuit Court did not have in rem subject matter jurisdiction because the Parcels in question were not within the territorial jurisdiction of the State or the Court ;

(2)     the Circuit Court should have required the State to provide a valid and clean chain of title demonstrating an ownership or other real property interest in the Parcels, because the State-Petitioner has the burden of proving ownership;

(3)     the Circuit Court erred because the State lacks clear title or interest;

(4)     the Circuit Court erred in determining that Lorenzo, aka Kamehameha VI, had no valid interest in the subject Crown lands of the Kingdom of Hawaiʻi because he has a substantial interest in the Parcels and title superior to the State; and

---

[2](...continued)
employees. These instruments, which have no basis in fact or law, have a seriously disruptive effect on property interests and title. They appear on title searches and other disclosures based on public records, and are costly and time-consuming to expunge. When they so appear, they may obstruct a property owner's ability to transfer title or obtain title insurance and financing.
    The bureau of conveyances does not have the discretionary authority to refuse to record instruments so long as those instruments comply with certain minimal format requirements. It would be inefficient and require substantial governmental expenditures to have the bureau of conveyances determine the legal sufficiency of instruments submitted for recordation. The land court's registrar screens instruments submitted for recordation, but has no mechanism to prevent the filing of frivolous lien claims during the pendency of litigation. Similarly, the public is in need of a mechanism to address the filing of frivolous financing statements.
    The legislature finds that it is necessary and in the best interests of the State and private parties to legislatively provide a means to relieve this problem, and to limit the circumstances in which nonconsensual common law liens shall be recognized in this State and to remedy the filing of frivolous financing statements.

[3]    HRS § 507D-2 (2018) defines "Lien" as "a recorded instrument that creates an encumbrance on or affects title or ownership of property."

2

(5)  the Circuit Court erred in ruling that Lorenzo's deeds were "frivolous."

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties as well as the relevant statutory and case law, we affirm.

On October 4, 2013, Lorenzo recorded three warranty deeds at the Bureau (**Subject Deeds**). Each of the Subject Deeds purported to convey a separate parcel in Waimanalo, O'ahu from Lorenzo to his wife, Lynn-Dunell M. Lorenzo, with the combined area of the three parcels being approximately 335 acres (**Parcels**). The Subject Deeds each state that Lorenzo obtained title to the respective parcel through an earlier deed dated August 26, 1998, and recorded as Document 98-126382 (**1998 Deed**). The 1998 Deed stated the grantor, Rose P. Lukela, purported to convey all the lands of Hawai'i to Lorenzo.

On May 13, 2015, the State filed a "Petition for an Order Expunging Instruments Creating Nonconsensual Liens [] Recorded in the [Bureau] on October 4, 2013" (**Petition**). After a hearing on the Petition, the Circuit Court issued an order on October 22, 2015, granting the Petition (**10/22/15 Order**). Lorenzo filed an appeal from the 10/22/15 Order, but that appeal was dismissed by this court for lack of appellate jurisdiction.

On April 19, 2016, the Circuit Court entered the Final Judgment in favor of the State and against Lorenzo as to all claims in the Petition. The Final Judgment ordered the three Subject Deeds to be expunged, found that the purported liens created by the Subject Deeds were frivolous, ordered damages against Lorenzo for $5,000, and enjoined for five years Lorenzo or anyone acting by or through him from filing any documents in the Bureau based on the 1998 Deed, unless Lorenzo first obtained leave of court for such a filing. Lorenzo appeals from this Final Judgment.

Lorenzo's points of error on appeal are all grounded on his assertion that the geographical boundaries of the State of

3

Hawai'i are limited to the lands acquired by the Joint Resolution of Congress in 1898, and that "[it] is impossible, illogical, and as a matter of fact, simply false that the Joint Resolution of 1898 acquired the Hawaiian Islands as territory of the United States". Lorenzo contends that the 1898 Joint Resolution was ineffective in transferring the lands of Hawai'i to the United States because the 1898 Joint Resolution was not a treaty. Lorenzo thus argues that the United States did not acquire the islands of Hawai'i and consequently the Circuit Court did not have jurisdiction to decide this case, the Parcels do not belong to the State, and because Lorenzo purports to be the lineal heir of Kamehameha I the Parcels were his to convey.

Lorenzo's core argument, that the 1898 Joint Resolution did not actually convey the islands of Hawai'i to the United States, has been considered and rejected by the Hawai'i Supreme Court. In its recent decision, In re Conservation Dist. Use Application HA-3568, the Hawai'i Supreme Court expressed the following:

> Appellant Fergerstrom asserts that the summit of Mauna Kea, as well as the ahupua'a of Ka'ohe in the District of Hāmākua are lands still held by the Hawaiian Kingdom. He alleges that the Hearing Officer wrongfully denied him his right to present expert testimony from Professor Williamson Chang of the University of Hawai'i William S. Richardson School of Law. Professor Chang proposed to testify that the State of Hawai'i does not exist as a matter of United States Constitutional law because annexation through a Joint Resolution of Congress rather than through a Treaty of Annexation was ineffective.
>
> The United States Supreme Court's interpretations of the United States Constitution are, however, binding throughout the United States. As pointed out by Professor Jon M. Van Dyke in his book WHO OWNS THE CROWN LANDS OF HAWAI'I, at page 212 note 86:
>
>> The U.S. Supreme Court gave tacit recognition to the legitimacy of the annexations of Texas and Hawai'i by joint resolution, when it said in De Lima v. Bidwell, 182 U.S. 1, 196, 21 S.Ct. 743, 45 L.Ed. 1041 (1901), that "territory thus acquired [by conquest or treaty] is acquired as absolutely as if the annexation were made, as in the case of Texas and Hawaii, by an act of Congress." See also Texas v. White, 74 U.S. (7 Wall.) 700, 19 L.Ed. 227 (1868), stating that Texas had been properly admitted as a state in the United States.

> In other words, like Hawai'i, Texas was also admitted as a state through a joint resolution of Congress. The United States Supreme Court has thus indicated that the process by which Hawai'i was incorporated into the United States was lawful and binding, and we are bound by this determination. In addition, as we stated in State v. Kaulia, "[W]e reaffirm that '[w]hatever may be said regarding the lawfulness' of its origins, 'the State of Hawai'i . . . is now a lawful government.'" 128 Hawai'i 479, 487, 291 P.3d 377 (2013) (citing State v. Fergerstrom, 106 Hawai'i 43, 55, 101 P.3d 652, 664 (App. 2004)).
>
> The BLNR is bound by the United States Supreme Court's and this court's precedents regarding the legal status of the State of Hawai'i. Therefore, the Hearing Officer did not err by excluding the proposed evidence.

143 Hawai'i 379, 399-400, 431 P.3d 752, 772-73 (2018) (footnote omitted). We are bound by the applicable precedent of the Hawai'i Supreme Court and thus similarly reject Lorenzo's argument in this case.

The Circuit Court has jurisdiction to adjudicate the Petition. Generally, the Circuit Court has jurisdiction over "civil actions and proceedings." HRS § 603-21.5 (a)(3) (2016).[4] Furthermore, the State filed the Petition in the Circuit Court pursuant to HRS § 507D-4 (a) (2018), which provides:

> **§507D-4 Contesting validity of recorded instruments; injunctions.** (a) <u>Any party in interest in real or personal property which is subject to a claim of nonconsensual common law lien, who believes the claim of lien is invalid, may file a petition in the appropriate *circuit court* to contest the validity of that purported lien and to enjoin the lien claimant from making further filings with the registrar</u>. The petition shall state the grounds upon which relief is requested, and shall be supported by the affidavit of the petitioner or the petitioner's attorney setting forth a concise statement of the facts upon which the petition is based. The procedure for obtaining injunctions and temporary restraining orders shall apply in cases brought under this section or section 507D-7(b).

(Emphasis added).

---

[4] HRS § 603-21.5 (a)(3) provides:

> **§603-21.5 General.** (a) The several circuit courts shall have jurisdiction, except as otherwise expressly provided by statute, of:
>
> . . . .
>
> (3) Civil actions and proceedings, in addition to those listed in sections 603-21.6, 603-21.7, and 603-21.8[.]

The Circuit Court's 10/22/15 Order and Final Judgment are consistent with HRS § 507D-7 (2018), which provides in relevant part:

§507D-7 **Expungement of invalid lien; penalties; sanctions for frivolous filings.** (a) If the *circuit court* finds the purported lien invalid, it shall order the registrar to expunge the instrument purporting to create it, and order the lien claimant to pay actual damages, costs of suit, and reasonable attorneys' fees. This order shall be presented to the registrar for recordation and shall have the effect of voiding the lien from its inception. If the *circuit court* finds the purported lien is frivolous, the prevailing party in any action brought under section 507D-4 shall be awarded costs of suit, reasonable attorneys' fees, and either actual damages or $5,000, whichever is greater. The foregoing award shall be made in the form of a joint and several judgment issued in favor of the prevailing party and against each lien claimant and also against each person who owns or controls the activities of the lien claimant if the lien claimant is not a natural person.

(b) If the *circuit court* finds the purported lien is frivolous, upon application of a party in interest, the registrar, or the government counsel representing the government officer or employee affected by the purported lien, the court may also issue appropriate injunctive relief against the lien claimant to preclude further filings of any kind with the registrar for a period of five years, unless that person obtains leave of court to file another instrument with the registrar. The order shall be enforced in the manner for enforcement of injunctions. This order may be presented to the registrar for recordation. Proceedings under this subsection shall not preclude a person from proceeding under subsection (a) or section 507D-4 and recovering damages, penalties, costs, and attorneys' fees.

(Emphases added). The Circuit Court had jurisdiction and authority to issue the 10/22/15 Order and the Final Judgment.

Finally, on the issue of ownership of the Parcels, the affidavit of E. Mahoe Collins (**Collins**), the abstractor for the State, identified the Parcels and traced the history by which the Parcels came into the State's inventory of public lands upon statehood. Collins did not find any transfers or conveyances made by the State or its predecessors to Lorenzo or Rose P. Lukela (aka Rose P. Lorenzo), from whom Lorenzo claims he received transfer of the Parcels. Other than Lorenzo's argument that the 1898 Joint Resolution failed to transfer the lands of Hawaiʻi to the United States, which has been rejected by the Hawaiʻi Supreme Court in In re Conservation Dist. Use Application

HA-3568, he does not assert any challenge to Collins's affidavit. Thus, the Circuit Court did not err in expunging the Subject Deeds in which Lorenzo purported to claim title to the Parcels.

Lorenzo does not raise any other arguments in challenging any other aspect of the Final Judgment.

Based on the above, the Final Judgment of the Circuit Court of the First Circuit filed on April 18, 2016, is affirmed.

DATED: Honolulu, Hawai'i, December 23, 2019.

On the briefs:

William B.C. Chang
        and
Burton D. Gould,
for Respondent-Appellant.

Daniel A. Morris,
Deputy Attorney General,
Department of the
Attorney General,
for Petitioner-Appellee.

Chief Judge

Associate Judge

Associate Judge

7